IN THE CIRCUIT COURT OF
SAINT LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **HARRY PENNINGTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| v. ) | |
| ) | Division No. |
| **CREDENCE RESOURCE** ) | |
| **MANAGEMENT, LLC,** ) | |
| ) | |
| Serve: ) | |
| ) | |
| CSC – Lawyers Incorporating ) | |
| Service Company ) | |
| 221 Bolivar St ) | |
| Jefferson City MO  65101 ) | |
| ) | |
| Defendant. ) | |

## INTRA-STATE CLASS ACTION PETITION

COMES NOW Harry Pennington, by and through his undersigned counsel, and brings this intra-state class action under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) (the "FDCPA") against Credence Resource Management, LLC, and in support thereof states to the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person, citizen of Missouri, and resident of St. Louis.

2. Credence Resource Management, LLC ("Credence") is a foreign limited liability company, organized and existing under the laws of Nevada. It is registered to do business and is in good standing in Missouri.

3. This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution (MO. CONST. Art. V. § 14).

DEFENDANT'S
EXHIBIT
A
PENGAD 800-631-6989

4. This Court has statutory authority to grant the relief requested herein pursuant to 15 U.S.C. § 1692k and § 478.070 R.S. Mo.

5. This Court may exercise personal jurisdiction over Credence for the reason that it regularly transacts its debt collection business in Missouri, and the conduct complained of herein occurred in Missouri or was otherwise directed towards Plaintiff and the Class as defined herein in Missouri, satisfying Missouri's long-arm statute, § 505.500 R.S.Mo.

6. Venue is proper in St. Louis County pursuant to § 508.010.2(4) R.S.Mo.

7. Plaintiff and Credence never agreed to arbitrate any disputes between them.

## FACTS

*Credence Fails to Disclose that It Is Attempting to Collect Ever-Accruing Interest*

8. Credence sent Plaintiff a collection letter dated December 7, 2015 demanding payment for an alleged past due account with American Medical Response arising out of ambulance services Plaintiff received.

9. Credence's December 7, 2015 collection letter represented to Plaintiff that he owed a "Total" due of $1,371.74 on his account – no more, no less.

10. A portion of that amount included interest that had been tacked onto the amount before it was sent to collections.

11. Credence, however, did not disclose to Plaintiff that Credence was going to continue to assess and collect interest on the amount listed within the letter after the date of the letter.

12. Plaintiff's original creditor did not assess interest on his account prior to sending it to collections.

13. Plaintiff did not agree to any contractual rate of interest with his original creditor.

14. Credence did not list the amount due as a "Current" balance.

15. Rather, Credence stated that the listed debt was the "Total" balance that he would owe on his account.

16. Plaintiff was led to believe by the letter that he would be able to send in a check for the "Total" balance due of $1,371.74 and completely discharge his obligations under the alleged debt.

17. In reality, Credence was assessing and attempting to collect daily interest on the debt beyond what was factored into the apparent static amount due that Credence listed within its December 7, 2015 collection letter.

18. Plaintiff discovered this previously unknown fact when he received a second letter from Credence dated January 27, 2016.

19. Within its second letter, Credence attempted to collect an additional $16.60 than the amount listed within its initial collection letter.

20. Plaintiff called Credence after receiving both letters to understand the reason for the discrepant amounts on his account

21. During the call, Credence admitted that it had been actively assessing 9% interest on the debt.

22. Since the amount Credence was attempting to collect changed on a daily basis, Plaintiff could not have known the correct balance he needed to send Credence in order to pay off his account in full on any given day.

23. None of Credence's letters provided a "payoff date" indicating how long Credence would honor full payment of the purportedly static "Total" due listed on each letter.

24. Credence's December 7, 2015 and January 27, 2016 collection letters thus misrepresented the amount and character of the debt it was attempting to collect from Plaintiff, in violation of 15 U.S.C. §§ 1692g(a)(1), 1692e(2)(A).

***Credence Back-Dates Interest to the Date of Service Rather than the Date of Demand***

25. During the subsequent collections call, Credence informed Plaintiff that he now owed an increased amount of $1,463.54 on the same debt.

26. When Plaintiff inquired as to why the balance was increasing, Credence disclosed that it was actively assessing and attempting to collect 9% interest on the account.

27. In particular, Credence was attempting to use Missouri's pre-judgment interest statute, Mo. Rev. Stat. § 408.020, to increase the balance.

28. Under the statute, a creditor may only assess interest at a rate of nine-percent (9%) <u>after</u> a demand for payment has been made on the debt.

29. Plaintiff received his ambulance services from his original creditor on or about July 2, 2015.

30. His original creditor did not send an initial bill and/or demand for payment until months later.

31. Judging by the amount of interest it attempted to collect, Credence was assessing interest based on the date of service rather than the date of demand.

32. Between the date of the ambulance service on July 2, 2015 and the date of Credence's December 7, 2015 collection letter, 158 days elapsed.

33. Taking the principal debt amount of $1,320.30, multiplying it by 9% interest per annum, and multiplying that product by 158/365 days yields accrued interest of $51.34 for a 158-

day period – which is the same amount of interest Credence attempted to collect within its December 7, 2015 collection letter.

34. Similarly, between the date of the ambulance service on July 2, 2015 and the date of Credence's January 27, 2016 collection letter, 209 days elapsed.

35. Taking the principal debt amount of $1,320.30, multiplying it by 9% interest per annum, and multiplying that product by 330/365 days yields accrued interest of $68.04 for a 209-day period – which is the same amount of interest Credence attempted to collect within its January 27, 2016 collection letter.

36. Lastly, between the date of the ambulance service on July 2, 2015 and the date of the parties' September 14, 2016 phone conversation, 440 days elapsed.

37. Taking the principal debt amount of $1,320.30, multiplying it by 9% interest per annum, and multiplying that product by 440/365 days yields accrued interest of $143.24 for a 440-day period – which is the same amount of interest Credence attempted to collect during the September 14, 2016 phone call.

38. These calculations confirm that Credence was unlawfully back-dating interest, in violation of Mo. Rev. Stat. § 408.020, in order to artificially inflate the amount of interest.

39. Therefore, a portion of the balance that Credence attempted to collect from Plaintiff was not authorized by law or by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

40. Plaintiff suffered a concrete injury when Credence's above-described conduct misled Plaintiff regarding the actual amount Credence was attempting to collect and when Credence sought to collect a false and inflated amount from Plaintiff that he does not actually owe.

41. Credence's misrepresentations and other unlawful conduct as outlined herein caused Plaintiff to suffer statutory damages in the amount of $1,000.00, pursuant to 15 U.S.C. § 1692k.

42. Credence's collection attempts have also caused Plaintiff to incur actual damages including but not limited to anxiety, frustration, and worry. Plaintiff will not seek these actual damages except in the event no class is certified.

## CLASS ALLEGATIONS

43. It is Credence's routine practice to violate the FDCPA by (1) sending collection letters that fail to disclose that interest is accruing on the consumer's debt thereby causing the "Total" balance listed to already become false by the time the consumer actually receives the letter; and (2) sending collection letters that include an unlawful amount of interest based on the date of the provision of ambulance services rather than the date of demand.

44. This action is properly maintainable as a class action pursuant to Rule 52.08 of the Missouri Supreme Court Rules. The class consists of the following persons:

    a. All persons Credence has on record as owing a consumer debt (1) where such person has a Missouri postal address and (2) where Credence sent a collection letter to such person to collect a consumer debt on behalf of American Medical Response; (3) during the one-year period prior to the filing of Plaintiff's Petition (4) which failed to disclose that the debt was accruing interest when Credence was in fact attempting to collect interest that accrued after the date of the letter.

    b. All persons Credence has on record as owing a consumer debt (1) where such person has a Missouri postal address and (2) where Credence sent a

Electronically Filed - St Louis County - December 06, 2016 - 03:21 PM

collection letter to such person to collect a consumer debt on behalf of American Medical Response; (3) during the one-year period prior to the filing of Plaintiff's Petition (4) which sought interest; and (5) the interest was calculated based on the date of ambulance services rather than the date of demand for those services.

45. Members of the two classes are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Credence is a high-volume debt collector that attempts to collect hundreds of debts in Missouri.

46. Upon information and belief, Credence has engaged in the improper collection tactics described above with at least one hundred Missouri consumers.

47. Plaintiff is a member of the class he seeks to represent.

48. There are no unique defenses Credence can assert against Plaintiff individually, as distinguished from the class.

49. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action.

50. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of Credence.

51. Plaintiff has no interest or relationship with Credence that would prevent him from litigating this matter fully.

52. Plaintiff is aware that settlement of a class action is subject to court approval, and he will vigorously pursue the class claims throughout the course of this action.

53. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection by Credence.

54. Most, if not all, of the facts needed to determine liability and damages are obtainable from Credence's records.

55. The purposes of the FDCPA will be best effectuated by a class action.

56. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

57. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

58. Many, if not all, class members are unaware that claims exist against Credence. There will be no unusual difficulty in the management of this action as a class action.

59. Four common questions of law and fact predominate over all individual questions of the "interest non-disclosure" class. The common questions are whether: (1) Credence is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Credence sought to collect from class members constitute "consumer debt" under the FDCPA; (3) Credence sent collection letters to the class; and (4) the collection letters did not disclose that interest was accruing on the debt when Credence was actually assessing and attempting to collect such interest.

60. Four common questions of law and fact predominate over all individual questions of the "back-dating interest" class. (1) Credence is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Credence sought to collect from class members constitute "consumer debt"

under the FDCPA; (3) Credence sent collection letters to the class that sought interest; and (4) Credence calculated the interest based on the date of service rather than the date of demand.

61. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

62. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the class.

63. All class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual class members is calculable and ascertainable.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

64. Plaintiff re-alleges each and every preceding paragraph, and incorporates them by this reference as if fully set forth herein.

65. Plaintiff is a "consumer" as that term is defined by the FDCPA (15 U.S.C. § 1692a(3)).

66. Credence is a "debt collector" as that term is defined by the FDCPA (15 U.S.C. § 1692a(6)).

67. The alleged debt arises out of consumer, family, and/or household transactions.

68. Credence has attempted to collect the Alleged Debt from Plaintiff within the previous twelve months.

69. In its attempts to collect the alleged debt from Plaintiff and the class members as defined herein, Credence has violated the FDCPA, including, but not limited to:

a. Failing to state the accurate amount of Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692g(a)(1);

b. Falsely representing the amount and character of Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692e(2)(A); and

c. Utilizing unfair collection practices, including the collection of an amount that is not permitted by law, in violation of 15 U.S.C. § 1692f(1).

WHEREFORE, Plaintiff respectfully requests that the Court certify the proposed class, that the Court appoint Plaintiff as class representative and the undersigned as class counsel, and that judgment be entered against Credence for:

A. Judgment that Credence's conduct violated the FDCPA;

B. Actual damages only in the event that no class is certified;

C. Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D. For such other relief as the Court may deem just and proper.

BRODY & CORNWELL

/s/ *Bryan E. Brody*
Bryan E. Brody, Mo. Bar No. 57580
Alexander J. Cornwell, Mo. Bar No. 64793
BRODY & CORNWELL
1 N Taylor Ave
Saint Louis, MO 63108
314.932.1068 / fax: 314.228.0338
Bryan.E.Brody@gmail.com
Alexander.J.Cornwell@gmail.com